ORIGINAL

TOWNSEND AND TOWNSEND AND CREW LLP
THEODORE T. HERHOLD (State Bar No. 122895)
ANDREW T. OLIVER (State Bar No. 226098)
ROBERT D. TADLOCK (State Bar No. 238479)
379 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 326-2400
Facsimile: (650) 326-2422
Email: ttherhold@townsend.com
       atoliver@townsend.com
       rdtadlock@townsend.com

Attorneys for Plaintiff
APPLE INC.

ADR
E-FILING

FILED
SEP 9 - 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

APPLE INC., a California Corporation,

Plaintiff,

v.

SANHO CORPORATION, a Delaware Corporation, and DOES 1 through 20, inclusive,

Defendants.

Civil Action No.

CV 10-04042 HRL

COMPLAINT FOR PATENT INFRINGEMENT

DEMAND FOR JURY TRIAL

Plaintiff Apple Inc. ("Apple"), for its complaint against Defendants, alleges as follows:

## INTRODUCTION

1. This is an action for patent infringement against Defendants for the manufacture, use, sale, offer for sale and/or importation of products in this judicial district and elsewhere that infringe patents assigned to Apple. Specifically, Defendants manufacture, distribute and/or sell products that infringe patents relating to Apple's proprietary MagSafe® connectors used to connect power adapters and other products to Apple portable computers, such as the MacBook®. Defendants also manufacture, distribute and/or sell products that infringe patents relating to Apple's 30-pin connectors and receptacles, used to connect cables to Apple iPod®, iPhone®, and/or iPad® products. Defendants' infringing conduct has damaged Apple and inflicted

townsend. COMPLAINT

irreparable harm for which Apple seeks, among other remedies, an award of its actual damages, disgorgement of Defendants' profits from the sale of infringing devices, and injunctive relief.

**PARTIES**

2. Apple is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, California. Founded in 1976, Apple has been consistently ranked as one of the most innovative companies in the world. In 2008, Fortune Magazine named Apple "America's Most Admired Company." Apple makes and sells well-known computer hardware, software and consumer electronics products including the Macintosh® line of computers, the iPod® line of portable media players (which includes the iPod® Nano® line of products), and the iPhone® and iPad® line of mobile digital devices. Apple employs approximately 28,000 people worldwide, owns and operates over 200 retail stores, and sells its products online as well.

3. Upon information and belief, Defendant Sanho Corporation is a Delaware corporation having its principal place of business at 1292 Kifer Rd., Suite 806, Sunnyvale, California 94085.

4. Apple is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sues said Defendants by such fictitious names. Apple will amend this Complaint, if necessary, to allege their true names and capacities when ascertained.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. §1121 because this action arises under the patent and trademark laws of the United States, 35 U.S.C. §§1, *et. seq.*

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) as Defendant maintains its principal place of business in this judicial district, has done business in this judicial district, and has committed and continues to commit acts of patent and trademark infringement in this judicial district, entitling Apple to relief as hereinafter set forth.

**INTRADISTRICT ASSIGNMENT**

7. Because this is an Intellectual Property Case, it may be assigned on a district-wide

## FIRST CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,517,222)

12. Apple incorporates by reference paragraphs 1 through 11 above.

13. On April 14, 2009, United States Patent No. 7,517,222 ("the '222 patent") was duly and legally issued for an invention entitled: "Magnetic Connector for Electronic Device." Apple is the assignee of the '222 patent and continues to hold all rights and interest in the '222 patent. A copy of the '222 patent is attached hereto as Exhibit A.

14. Defendant Sanho has directly and/or indirectly infringed and continues to infringe the '222 patent through its manufacture, use, sale, importation and/or offer for sale of at least the products identified above that include the MBP-PRO and/or MBP-AIR connectors. Defendant Sanho's advertisements and marketing materials, including but not limited to internet websites and product packaging, demonstrate specific intent to encourage customers to infringe the '222 patent through use of the identified products. For example, product packaging for the MBP-100 states, "Power your MacBook . . ." and "MagSafe Charging Cable: ☐ MacBook Air ☐ MacBook (Pro)" and displays an image of a HyperMac product attached to the MagSafe® receptacle of a MacBook computer." The identified products are especially made or especially adapted for use with Apple computers in a manner that infringes the '222 patent, are not staple articles or commodities of commerce, and are not suitable for substantial noninfringing use. For example, the product packaging for the MBP-100 states "MagSafe Charging Cable* . . . * Based on using MacBook Air . . ."; a label affixed to the MBP-100 product states, "HyperMac External Power for MacBook"; and the User's Guide included within the product packaging states "HyperMac External Power for Apple Macbook."

15. Defendant Sanho's infringement of the '222 patent has caused and continues to cause damage to Apple in an amount to be determined at trial.

16. Defendant Sanho's infringement as herein alleged will continue to cause immediate and irreparable harm to Apple for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

17. Defendant Sanho's infringement of the '222 patent is willful and deliberate in that its

1   basis pursuant to Civil Local Rule 3-2(c).

## FACTUAL ALLEGATIONS

8.  Apple, a pioneer of the personal computer revolution, launched its Macintosh line of computers in 1984. Apple's Macintosh® computers introduced such novel innovations as the mouse, computer icons and the graphical user interface. Apple's "perennially praised" Macintosh® line of computers includes the Mac®, Mac Pro®, iMac®, Mac® mini, MacBook®, MacBook Pro and MacBook Air®.

9.  With the launch of its MacBook® computers, Apple also introduced the MagSafe® power adapter, which is specially designed to magnetically connect with an Apple MacBook® computer to charge its battery. Apple's innovative and proprietary MagSafe® power adapter features a magnetic power cable connector that ensures the power cable will disconnect if it experiences undue strain and helps prevent fraying or weakening of the cables over time and breakage of valuable computer equipment. In addition, the magnetic connector helps guide the plug into the system for a quick and secure connection.

10. Defendant Sanho operates a website at www.hypershop.com, through which it sells and distributes various consumer electronic products, including, among other products, external batteries for Apple MacBook® computers in the following sizes (product identifiers in parentheses): 60Wh (MBP-060); 100Wh (MBP-100); 150 Wh (MBP-150); and 222Wh (MBP-222). Defendant Sanho also distributes and/or sells the HyperMac Pure DC Car Charger for Apple MacBook (MBP-CAR). At least one variation of each of these products includes one or more charging cables that utilize what Defendant Sanho describes as "original Apple MagSafe connectors for maximum compatibility." The MagSafe connectors are of two types – connectors that are compatible with the MacBook® and MacBook Pro computers (MBP-PRO), and connectors that are compatible with the MacBook Air® computer (MBP-AIR).

11. Notice of Defendant Sanho's infringement was provided by Apple in, for example, correspondence dated April 26, 2010, May 19, 2010 and June 22, 2010, and Defendant has had actual notice of Apple's patents and infringement contentions since at least that time.

knowing infringement of the patent is objectively reckless and the objectively-defined risk was known or should have been known by Defendant, entitling Apple to enhanced damages pursuant to 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. §285.

## SECOND CLAIM FOR RELIEF

(Infringement of U.S. Patent No. D618,178)

18. Apple incorporates by reference paragraphs 1 through 17 above.

19. On June 22, 2010, United States Patent No. D618,178 ("the '178 patent") was duly and legally issued for an invention entitled: "Connector." Apple is the assignee of the '178 patent and continues to hold all rights and interest in the '178 patent. A copy of the '178 patent is attached hereto as Exhibit B.

20. Defendant Sanho has directly and/or indirectly infringed and continues to infringe the '178 patent through its manufacture, use, sale, importation and/or offer for sale of unlicensed products identified above that include the MBP-AIR connector. Defendant Sanho's advertisements and marketing materials, including but not limited to internet websites and product packaging, demonstrate specific intent to encourage customers to infringe the '178 patent through use of the identified products. For example, product packaging for the MBP-100 states, "Power your MacBook . . ." and "MagSafe Charging Cable: ☐ MacBook Air ☐ MacBook (Pro)," and Defendant Sanho's website (http://www.hypershop.com) provides a video that states "HyperMac is the only external battery that works for all MacBooks . . . Up to 6x battery life MacBook Air" and a link to an image of a HyperMac product attached to the MagSafe® receptacle of a MacBook Air computer at http://www.smugmug.com/gallery/8068544_283Bg#573495941_2Azfy. The identified products are especially made or especially adapted for use with Apple computers in a manner that infringes the '178 patent, are not staple articles or commodities of commerce, and are not suitable for substantial noninfringing use. For example, the product packaging for the MBP-100 states "MagSafe Charging Cable* . . . * Based on using MacBook Air . . .", "Uses original Apple MagSafe power connector", and "The MagSafe cable and connector is manufactured by Apple, Inc. and modified to be compatible with HyperMac"; and the User's Guide included within the product

packaging states "HyperMac External Power for Apple Macbook."

21. Defendant Sanho's infringement of the '178 patent has caused and continues to cause damage to Apple in an amount to be determined at trial. Apple is also entitled to an award of Defendants' profits derived from the infringement pursuant to 35 U.S.C. §289.

22. Defendant Sanho's infringement as herein alleged will continue to cause immediate and irreparable harm to Apple for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

23. Defendant Sanho's infringement of the '178 patent is willful and deliberate in that its knowing infringement of the patent is objectively reckless and the objectively-defined risk was known or should have been known by Defendant, entitling Apple to enhanced damages pursuant to 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. §285.

**THIRD CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 7,627,343)

24. Apple incorporates by reference paragraphs 1 through 11 above.

25. Through its website at www.hypershop.com, Defendant Sanho also sells and distributes various consumer electronic products, including, among other products, external batteries for use with Apple iPhone®, iPod®, and iPad® devices under the following names (product identifiers in parentheses): HyperMac Nano (HM18-); HyperMac Micro (HM36-); and HyperMac Mini (HM72-). At least one variation of each of these products includes one or more charging cables that utilize a 30-pin connector compatible with Apple iPhone®, iPod®, and/or iPad® devices, which Defendant Sanho describes as "iPhone/iPod charging cable," "iPhone/iPod cable," "Built-in iPhone/iPod charging cable," and/or "Slim profile iPhone/iPod plug." The 30-pin connectors are of two types – connectors that are integral with the products (HyperMac Nano) and connectors that are not integral with the products (HyperMac Micro and HyperMac Mini).

26. On December 1, 2009, United States Patent No. 7,627,343 ("the '343 patent") was duly and legally issued for an invention entitled: "Media Player System." Apple is the assignee of the '343 patent and continues to hold all rights and interest in the '343 patent. A copy of the '343

1  patent is attached hereto as Exhibit C.

2      27.    Defendant Sanho has directly and/or indirectly infringed and continues to infringe the '343 patent through its manufacture, use, sale, importation and/or offer for sale of at least the HyperMac Nano, HyperMac Micro, and HyperMac Mini products identified above that include the 30-pin connectors. Defendant Sanho's advertisements and marketing materials, including but not limited to internet websites and product packaging, demonstrate specific intent to encourage customers to infringe the '343 patent through use of the identified products. For example, product packaging for the HyperMac Micro states, "Use the included iPhone/iPod cable . . . to charge any iPhone/iPod . . ." and "What's in the box? . . . iPhone/iPod charging cable." The identified products are especially made or especially adapted for use with Apple iPhone®, iPod®, and/or iPad® devices in a manner that infringes the '343 patent, are not staple articles or commodities of commerce, and are not suitable for substantial noninfringing use. For example, the product packaging for the HyperMac Micro identifies the 30-pin connector cable as "iPhone/iPod charging cable"; Sanho's advertising materials for the HyperMac Nano product state, ". . . remove the cover to reveal the world's only iPhone/iPod battery with a built-in charging cable" and "Recharge via iPhone/iPod cable"; and the User's Guide included within the product packaging states "Slim profile iPhone/iPod plug works with all iPhone/iPod cases."

    28.    Defendant Sanho's infringement of the '343 patent has caused and continues to cause damage to Apple in an amount to be determined at trial.

    29.    Defendant Sanho's infringement as herein alleged will continue to cause immediate and irreparable harm to Apple for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

    30.    Defendant Sanho's infringement of the '343 patent is willful and deliberate in that its knowing infringement of the patent is objectively reckless and the objectively-defined risk was known or should have been known by Defendant, entitling Apple to enhanced damages pursuant to 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. §285.

## FOURTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,751,853)

31. Apple incorporates by reference paragraphs 1 through 11 above.

32. Through its website at www.hypershop.com, Defendant Sanho also sells and distributes consumer electronic products, including external batteries for use with Apple iPhone®, iPod®, and iPad® devices under the following name (product identifier in parentheses): HyperMac Nano (HM18-). This product includes one or more connector receptacles that accept a 30-pin connector compatible with Apple iPhone®, iPod®, and/or iPad® devices, which Defendant Sanho describes as "Female iPhone/iPod socket" and "iPhone/iPod 30-pin female socket." The 30-pin connector receptacle is integral with the HyperMac Nano products.

33. On July 6, 2010, United States Patent No. 7,751,853 ("the '853 patent") was duly and legally issued for an invention entitled: "Female Receptacle Data Pin Connector." Apple is the assignee of the '853 patent and continues to hold all rights and interest in the '853 patent. A copy of the '853 patent is attached hereto as Exhibit D.

34. Defendant Sanho has directly infringed and continues to directly infringe the '853 patent through its manufacture, use, sale, importation and/or offer for sale of at least the HyperMac Nano products identified above that include a 30-pin connector receptacle. Defendant Sanho's advertisements and marketing materials, including but not limited to internet websites and product packaging, encourage customers to infringe the '853 patent through use of the identified products. For example, product packaging for the HyperMac Nano states, "Female iPhone/iPod socket: . . . Allows battery to be recharged with original iPhone/iPod cable" and Sanho's technical specifications webpage for the HyperMac Nano states "Input Power 5v/0.5A (via iPhone/iPod 30-pin female socket)." The identified products are especially made or especially adapted for use with Apple 30-pin connector cables in a manner that infringes the '853 patent, are not staple articles or commodities of commerce, and are not suitable for substantial noninfringing use. For example, product packaging for the HyperMac Nano states, "Female iPhone/iPod socket: . . . Allows battery to be recharged with original iPhone/iPod cable" and Sanho's technical specifications webpage for the HyperMac Nano states "Input Power 5v/0.5A (via iPhone/iPod 30-pin female socket)."

35. Defendant Sanho's infringement of the '853 patent has caused and continues to cause damage to Apple in an amount to be determined at trial.

36. Defendant Sanho's infringement as herein alleged will continue to cause immediate and irreparable harm to Apple for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

## FIFTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,783,070)

37. Apple incorporates by reference paragraphs 1 through 11 above.

38. Through its website at www.hypershop.com, Defendant Sanho also sells and distributes consumer electronic products, including external batteries for use with Apple iPhone®, iPod®, and iPad® devices under the following name (product identifier in parentheses): HyperMac Nano (HM18-). This product includes one or more charging cables that utilize a 30-pin connector and is compatible with Apple iPhone®, iPod®, and/or iPad® devices, which Defendant Sanho describes as "iPhone/iPod 30-pin male socket" and "built-in charging cable." The 30-pin connector and cable are integral with the HyperMac Nano products.

39. On August 24, 2010, United States Patent No. 7,783,070 ("the '070 patent") was duly and legally issued for an invention entitled: "Cable Adapter for a Media Player System." Apple is the assignee of the '070 patent and continues to hold all rights and interest in the '070 patent. A copy of the '070 patent is attached hereto as Exhibit E.

40. Defendant Sanho has directly infringed and continues to directly infringe the '070 patent through its manufacture, use, sale, importation and/or offer for sale of at least the HyperMac Nano products identified above that include a charging cable that utilizes a 30-pin connector. Defendant Sanho's advertisements and marketing materials, including but not limited to internet websites and product packaging, encourage customers to infringe the '070 patent through use of the identified products. For example, Sanho's webpage for the HyperMac Nano states "Built-in iPhone/iPod charging cable" and "Supports pass through charging, charge both battery and iPhone/iPod at the same time" and Sanho's technical specifications webpage for the HyperMac Nano states "Output Power 5v/1A (via iPhone/iPod 30-pin male socket)." The identified products

townsend.    COMPLAINT    - 9 -

are especially made or especially adapted for use with Apple 30-pin connector receptacles in a manner that infringes the '070 patent, are not staple articles or commodities of commerce, and are not suitable for substantial noninfringing use. For example, Sanho's webpage for the HyperMac Nano states "Built-in iPhone/iPod charging cable" and "Supports pass through charging, charge both battery and iPhone/iPod at the same time" and Sanho's technical specifications webpage for the HyperMac Nano states "Output Power 5v/1A (via iPhone/iPod 30-pin male socket)."

41. Defendant Sanho's infringement of the '070 patent has caused and continues to cause damage to Apple in an amount to be determined at trial.

42. Defendant Sanho's infringement as herein alleged will continue to cause immediate and irreparable harm to Apple for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

## SIXTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. D588,545)

43. Apple incorporates by reference paragraphs 1 through 11 above.

44. Through its website at www.hypershop.com, Defendant Sanho also sells and distributes various consumer electronic products, including, among other products, external batteries for use with Apple iPhone®, iPod®, and iPad® devices under the following names (product identifiers in parentheses): HyperMac Micro (HM36-) and HyperMac Mini (HM72-). At least one variation of each of these products includes one or more charging cables that utilize a 30-pin connector compatible with Apple iPhone®, iPod®, and/or iPad® devices, which Defendant Sanho describes as "iPhone/iPod charging cable" or "iPhone/iPod cable." The 30-pin connectors are not integral with the products, but are included with the products when they are shipped.

45. On March 17, 2009, United States Patent No. D588,545 ("the '545 patent") was duly and legally issued for an invention entitled: "Connectors." Apple is the assignee of the '545 patent and continues to hold all rights and interest in the '545 patent. A copy of the '545 patent is attached hereto as Exhibit F.

46. Defendant Sanho has directly infringed and continues to directly infringe the '545 patent through its manufacture, use, sale, importation and/or offer for sale of at least the HyperMac

Micro and HyperMac Mini products identified above that include the 30-pin connectors. Defendant Sanho's advertisements and marketing materials, including but not limited to product packaging, encourage customers to infringe the '545 patent through use of the identified products. For example, product packaging for the HyperMac Micro states, "Use the included iPhone/iPod cable . . . to charge any iPhone/iPod . . ." and "What's in the box? . . . iPhone/iPod charging cable." The identified products are especially made or especially adapted for use with Apple iPhone®, iPod®, and/or iPad® devices in a manner that infringes the '545 patent, are not staple articles or commodities of commerce, and are not suitable for substantial noninfringing use. For example, the product packaging for the HyperMac Micro identifies the 30-pin connector cable as "iPhone/iPod charging cable" and the product packaging for the HyperMac Mini states, "Use the included iPhone/iPod cable . . . to charge any iPhone/iPod . . ."

47.     Defendant Sanho's infringement of the '545 patent has caused and continues to cause damage to Apple in an amount to be determined at trial. Apple is also entitled to an award of Defendants' profits derived from the infringement pursuant to 35 U.S.C. §289.

48.     Defendant Sanho's infringement as herein alleged will continue to cause immediate and irreparable harm to Apple for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

**PRAYER FOR RELIEF**

WHEREFORE, Apple prays for the following relief:

1.     That judgment be entered in favor of Apple that the accused Defendants have infringed and are infringing the '222, '178, '343, '853, '070 and '545 patents in violation of 35 U.S.C. §271;

2.     That Apple be granted an accounting of all damages sustained as a result of the accused Defendants' infringement of Apple's patents as herein alleged;

3.     That Apple be awarded actual damages with prejudgment interest according to proof, and enhanced damages pursuant to 35 U.S.C. §284;

4.     That a permanent injunction be issued pursuant to 35 U.S.C. §283 enjoining the accused Defendants, their officers, agents, servants, employees and all other persons acting in

1 | concert or participation with them from further infringement of Apple's patents;

2 |     5.    That this case be decreed an "exceptional case" within the meaning of 35 U.S.C.

3 | §285, and that reasonable attorneys' fees, expenses, and costs be awarded to Apple;

4 |     6.    That Apple be awarded the extent of the accused Defendants' total profits pursuant

5 | to 35 U.S.C. §289;

6 |     7.    That Apple be awarded such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Apple hereby demands a jury trial as to all issues triable to a jury.

TOWNSEND and TOWNSEND and CREW LLP

Dated: September 9, 2010

*[signature]*

Theodore T. Herhold
Andrew T. Oliver
Robert D. Tadlock
379 Lytton Avenue
Palo Alto, California 94301
(650) 326-2400
(650 326-2422 (fax)

*Attorneys for Plaintiff Apple Inc.*

62720881v2.DOC