**WANG, HARTMANN, GIBBS & CAULEY, P.L.C**.
John D. van Loben Sels  (Ca. Bar No. 201354)
jvanlobensels@whgclaw.com
2570 West El Camino Real, Suite 440
Mountain View, CA 94040
Tel:  (650) 209-1230
Fax: (650) 209-1231

*Attorneys for Defendant*
*Sanho Corporation*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California Corporation<br><br>  Plaintiff,<br><br>vs.<br><br>SANHO Corporation, a Delaware Corporation, and DOES 1 through 20,<br><br>  Defendants. | Case No.: CV10-04042-HRL<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

   Defendant Sanho Corporation ("Sanho"), by its undersigned counsel, answers the Complaint by Apple Inc. ("Apple") as follows:

### INTRODUCTION

   1.   Sanho admits that this is an action for patent infringement.  Sanho denies the remaining allegations contained in Paragraph 1.

### PARTIES

   2.   Sanho is without sufficient information to admit or deny the allegations contained in Paragraph 2.  Therefore, on that basis, Sanho denies the allegations contained in Paragraph 2.

   3.   Sanho admits the allegations contained in Paragraph 3.

   4.   Sanho is without sufficient information to admit or deny the allegations contained in Paragraph 4.  Therefore, on that basis, Sanho denies the allegations.

- 1 -

## JURISDICTION AND VENUE

5. Sanho admits the allegations contained in Paragraph 5.

6. Sanho admits that venue is proper in this district, that Sanho's principal place of business is in this district, and admits that it does business in this district. Sanho denies the remaining allegations contained in Paragraph 6.

## INTRADISTRICT ASSIGNMENT

7. Sanho admits the allegations contained in Paragraph 7.

## FACTUAL ALLEGATIONS

8. Sanho is without sufficient information to admit or deny the allegations contained in Paragraph 8. Therefore, on that basis, Sanho denies the allegations contained on Paragraph 8.

9. Sanho is without sufficient information to admit or deny the allegations contained in Paragraph 9. Therefore, on that basis, Sanho denies the allegations contained on Paragraph 9.

10. Sanho admits that it operates the website located at www.hypershop.com and that it sells certain consumer electronic products. Sanho denies the remaining allegations contained in Paragraph 10.

11. Sanho denies he allegations contained in Paragraph 11.

## FIRST CLAIM FOR RELIEF

12. Sanho incorporates by reference its responses to paragraphs 1 to 11.

13. Sanho is without sufficient information to admit or deny the allegations contained in Paragraph 13. Therefore, on that basis, Sanho denies the allegations contained on Paragraph 13.

14. Sanho denies the allegations contained in Paragraph 14.

15. Sanho denies the allegations contained in Paragraph 15.

16. Sanho denies he allegations contained in Paragraph 16.

17. Sanho denies the allegations contained in Paragraph 17.

## SECOND CLAIM FOR RELIEF

18. Sanho incorporates by reference its responses to paragraphs 1 to 17.

19. Sanho is without sufficient information to admit or deny the allegations contained

in Paragraph 19.  Therefore, on that basis, Sanho denies the allegations contained on Paragraph 19.

20. Sanho denies the allegations contained in Paragraph 20.

21. Sanho denies the allegations contained in Paragraph 21.

22. Sanho denies the allegations contained in Paragraph 22.

23. Sanho denies the allegations contained in Paragraph 23.

## **THIRD CLAIM FOR RELIEF**

24. Sanho incorporates by reference its responses to paragraphs 1 to 23.

25. Sanho admits that it operates the website located at www.hypershop.com and that it sells certain consumer electronic products.  Sanho denies the remaining allegations contained in Paragraph 25.

26. Sanho is without sufficient information to admit or deny the allegations contained in Paragraph 26.  Therefore, on that basis, Sanho denies the allegations contained on Paragraph 26.

27. Sanho denies the allegations contained in Paragraph 27.

28. Sanho denies the allegations contained in Paragraph 28.

29. Sanho denies the allegations contained in Paragraph 29.

30. Sanho denies the allegations contained in Paragraph 30.

## **FOURTH CLAIM FOR RELIEF**

31. Sanho incorporates by reference its responses to paragraphs 1 to 30.

32. Sanho admits that it operates the website located at www.hypershop.com and that it sells certain consumer electronic products.  Sanho denies the remaining allegations contained in Paragraph 32.

33. Sanho is without sufficient information to admit or deny the allegations contained in Paragraph 33.  Therefore, on that basis, Sanho denies the allegations contained on Paragraph 33.

34. Sanho denies the allegations contained in Paragraph 34.

35. Sanho denies the allegations contained in Paragraph 35.

36. Sanho denies the allegations contained in Paragraph 36.

## FIFTH CLAIM FOR RELIEF

37. Sanho incorporates by reference its responses to paragraphs 1 to 36.

38. Sanho admits that it operates the website located at www.hypershop.com and that it sells certain consumer electronic products. Sanho denies the remaining allegations contained in Paragraph 38 are denied.

39. Sanho is without sufficient information to admit or deny the allegations contained in Paragraph 39. Therefore, on that basis, Sanho denies the allegations contained on Paragraph 39.

40. Sanho denies the allegations contained in Paragraph 40.

41. Sanho denies the allegations contained in Paragraph 41.

42. Sanho denies the allegations contained in Paragraph 42.

## SIXTH CLAIM FOR RELIEF

43. Sanho incorporates by reference its responses to paragraphs 1 to 42.

44. Sanho admits that it operates the website located at www.hypershop.com and that it sells certain consumer electronic products; the remaining allegations contained in Paragraph 44 are denied.

45. Sanho is without sufficient information to admit or deny the allegations contained in Paragraph 45. Therefore, on that basis, Sanho denies the allegations contained on Paragraph 45.

46. Sanho denies the allegations contained in Paragraph 46.

47. Sanho denies the allegations contained in Paragraph 47.

48. Sanho denies the allegations contained in Paragraph 48.

## AFFIRMATIVE DEFENSES

Sanho alleges and asserts the following affirmative defenses in response to the allegations of the Complaint.

**First Affirmative Defense**

Sanho has not directly or indirectly, contributed to the infringement of, or induced the infringement of any valid claim of U.S. Patent Nos: 7,517,222; D618,178; 7,627,343; 7,751,853; D588,545; and 7,783,070 (the "Apple Patents").

**Second Affirmative Defense**

The Apple Patents are invalid for failing to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1, et. seq., including, but not limited to, §§ 101, 102, 103, and 112.

**Third Affirmative Defense**

Apple fails to state a claim upon which relief may be granted.

**Fourth Affirmative Defense**

The Apple Patents are unenforceable.

**Fifth Affirmative Defense**

Apple's claims are barred by the doctrine of Unclean Hands.

**Sixth Affirmative Defense**

Apple's claims are barred by the doctrine Laches.

**Seventh Affirmative Defense**

Apple's claims are barred by the doctrine of Prosecution Laches.

**Eighth Affirmative Defense**

Apple's claims are barred by the doctrine of Estoppel.

**Ninth Affirmative Defense**

Apple's claims are barred by the doctrine of Waiver.

**Tenth Affirmative Defense**

Any damages claimed by Apple are limited pursuant to 35 USC §§286-287.

**Eleventh Affirmative Defense**

Sanho is the beneficiary of an express or implied license under the Apple Patents.

**Twelfth Affirmative Defense**

Sanho's liability (if any) is reduced in whole or in part under the Doctrine of Patent Exhaustion.

**Thirteenth Affirmative Defense**

By reason of the proceeding in the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications which resulted in the Apple Patents, and by reason of the statements, representations, and admissions made therein by or behalf of the applicant for these patents, Apple is estopped from construing the claims of these patents to cover and/or include any product or activities of Sanho.

**Fourteenth Affirmative Defense**

Apple is barred from receiving any costs associated with this suit pursuant to 35 USC §288.

**Other Defenses**

In addition to the affirmative defenses described below, Sanho reserves its right to amend or supplement its Answer to the Complaint including through the addition of affirmative defenses of which it becomes aware through the course of discovery in this proceedings.

**PRAYER FOR RELIEF**

WHEREFORE Sanho respectfully requests the Court enter judgment on the Complaint as follows:

    A.    Dismissal with prejudice of all claims by Apple;

    B.    An award of costs and attorneys' fees; and

    C.    Such other relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Defendant demands a jury trial on all issues for which a jury trial is permitted.

|   |   |   |
|---|---|---|
| 1 |  | **Respectfully Submitted,** |
| 2 | DATED: December 2, 2010 | WANG, HARTMANN, GIBBS & CAULEY |

/s/ John D. van Loben Sels
By:  John D. van Loben Sels
*Attorneys for Defendant*
*Sanho Corporation*
WANG, HARTMANN, GIBBS & CAULEY P.L.C.
A Professional Law Corporation

John D. van Loben Sels:  SBN 201354
jvanlobensels@whgclaw.com
2570 W. El Camino Real, Suite 440
Mountain View, CA  94040
Telephone:  (650) 209-1230
Facsimile:   (650) 209-1231