KILPATRICK TOWNSEND & STOCKTON LLP
THEODORE T. HERHOLD (State Bar No. 122895)
ANDREW T. OLIVER (State Bar No. 226098)
ROBERT D. TADLOCK (State Bar No. 238479)
379 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 326-2400
Facsimile: (650) 326-2422
Email: ttherhold@townsend.com
       atoliver@townsend.com
       rdtadlock@townsend.com

Attorneys for Plaintiff
APPLE INC.

WANG, HARTMANN, GIBBS & CAULEY, P.L.C.
JOHN D. van LOBEN SELS (State Bar No. 201354)
2570 West El Camino Real, Suite 440
Mountain View, CA 94040
Telephone: (650) 209-1230
Facsimile: (650) 209-1231
Email: jvanlobensels@whgclaw.com

Attorneys for Defendant,
Sanho Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANHO CORPORATION, a Delaware Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Civil Action No. CV10-04042 EJD<br><br>**DISMISSAL AND PERMANENT INJUNCTION ON CONSENT** |

On September 9, 2010, Plaintiff Apple Inc. ("Apple") filed suit against Defendant Sanho Corporation ("Defendant") alleging infringement of Apple's intellectual property (the "Action"). On December 2, 2010, Defendant answered Apple's complaint. Apple and Defendant (collectively, the "Parties") have agreed to settle the claims asserted in the Complaint as well as

DISMISSAL AND INJUNCTION UPON CONSENT
CASE NO. 10-CV-03216 EJD - 1 -

additional claims as set forth herein. In accordance with the terms of the Parties' Settlement Agreement entered into contemporaneously herewith, the Parties hereby agree to entry of a Dismissal and Permanent Injunction Upon Consent ("Injunction") as set forth herein, and further agree and stipulate that, upon confirmation by this Court, it is hereby ordered, adjudged, and decreed that:

1. All terms defined in this Injunction shall be so defined when used anywhere in this Injunction. Additionally, as used in this Injunction, the following capitalized terms shall have the meanings set forth below:

    a. "Person" means any individual, partnership, association, corporation, limited liability company, trust, or any other form of legal entity.

    b. "Control" means, with respect to any Person, the ability to control, manage, direct or otherwise materially influence the management, direction, operations or policies of such Person, whether by ownership of voting securities, by contract or otherwise.

    c. "Copyrights" means Apple's copyrighted works, including but not limited to image of sky, mountains, and water that has commonly been used in Apple advertising materials and as a background image on Apple's iPad products.

    d. "Defendant" means Sanho Corporation and each of its predecessors, successors, assigns, affiliates, members, officers, managers, agents, servants, employees, representatives, or any Person who had or has Control of Defendant, is Controlled by Defendant, or is under common control with Defendant, and all other Persons in active concert or participation with any of them.

    e. "Patents" means U.S. Patent Nos. 7,517,222; 7,627,343; 7,751,853; 7,783,070; D588,545; and D618,178.

    f. "Trademarks" means Apple's APPLE, Apple logo, IPHONE, IPAD, IPOD, MAC, MACBOOK, MAGSAFE, and NANO marks and all other Apple trademarks listed on the "Apple Trademark List" at http://www.apple.com/legal/trademark/appletmlist.html.



## DISMISSAL

2. This Court has jurisdiction over Defendant and the subject matter of this Action and Injunction. Venue is proper in this Court.

3. Apple is the owner of the Patents, Copyrights and Trademarks.

4. In full settlement of all claims raised in this Action, the Parties have entered into a Settlement Agreement made effective as of June 8, 2011 (the "Settlement Agreement").

5. The Parties now stipulate and agree to dismissal of this Action.

6. The Parties waive any right to appeal this Injunction.

7. The Parties shall each bear their own fees and costs in this Action.

8. The Court will retain continuing jurisdiction for purposes of interpreting and enforcing this Injunction and all disputes that may arise relating to the Settlement Agreement.

9. The Clerk shall enter this Injunction pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## PERMANENT INJUNCTION

Wherefore, the Parties stipulate to entry of the following permanent injunction:

10. Except as licensed by Apple, Defendant shall refrain from and is permanently enjoined from:

    a. Manufacturing, importing, distributing, shipping, advertising, marketing, using, selling, or offering for sale the following products or any products that are not colorably different from the following products until the expiration of each identified patent:

        (i) Any product that uses Apple's proprietary magnetic connector system, claimed in U.S. Patent No. 7,517,222 including but not limited to MBP-DUO, MBP-PRO and MBP-AIR connectors;

        (ii) Any product that is substantially similar in appearance to the design claimed in U.S. Patent No. D618,178, including but not limited to MBP-DUO and MBP-AIR connectors; and



     (iii) But not: (a) Sanho's "Magic Box" product in its current form or reasonably similar variations and that is specifically excepted from this injunction, and (b) any Sanho products made utilizing Apple's magnetic connector system parts so long as those parts were acquired by Sanho in licensed U.S. sales from Apple; and

     (iv) Any non-licensed product that uses Apple's proprietary 30-pin connector system, claimed in U.S. Patent Nos. 7,627,343; 7,751,853; and 7,783,070 including but not limited to HM18- (a.k.a. HyperMac Nano) external batteries and the 30-pin connector cables that are compatible with Apple iPhone, iPod, and/or iPad devices that Defendant has described in Defendant's product and marketing literature as "iPhone/iPod charging cable," "iPhone/iPod cable," "Built-in iPhone/iPod charging cable," or "Slim profile iPhone/iPod plug";

   b. Any use of trademarks owned by Apple, including but not limited to the Trademarks, in any period during which Defendant is not in full compliance with Apple's Guidelines for Using Apple Trademarks and Copyrights, at http://www.apple.com/legal/trademark/guidelinesfor3rdparties.html;

   c. Any use of the identified Copyrights and all other copyrighted material that Defendant copied from Apple-owned sources, regardless of whether Defendant has knowledge that such material is copyrighted or whether such copyrighted material is registered with the U.S. Copyright Office; and

   d. Assisting, aiding or abetting any person or entity engaging in or performing any act prohibited by this paragraph.

  11. Defendant, within thirty (30) calendar days of entry of this Injunction, shall provide written assurance under penalty of perjury, to Apple's counsel of record in the Action, that it has come into compliance with Apple trademark guidelines as identified at http://www.apple.com/legal/trademark/guidelinesfor3rdparties.html.

  12. Defendant agrees that upon the Court's determination of Defendant's violation of this Injunction, Defendant shall be liable to Apple for:

   a. Apple's fees and costs associated with bringing this Action, including the pre-filing investigation and resolution efforts;



      b.      Apple's fees and costs associated with investigating the violation(s) of this Injunction and any action to enforce this Injunction;

      c.      Any compensatory and enhanced damages incurred by Apple resulting from the infringing conduct or violation of this Injunction; and

      d.      Such further equitable relief as the Court may grant to give full effect to this Injunction.

**ON BEHALF OF THE PARTIES:**

Dated: _____, 2011    KILPATRICK TOWNSEND AND STOCKTON LLP

By: _____
THEODORE T. HERHOLD
ANDREW T. OLIVER
ROBERT D. TADLOCK
Attorneys for Plaintiff APPLE INC.

Dated: *June 2*, 2011    WANG HARTMANN GIBBS, & CAULEY PLC

By: _____
John D. van Loben Sels
Attorneys for Defendant Sanho Corporation

**PURSUANT TO STIPULATION, IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED: _____, 2011

_____
EDWARD J. DAVILA
United States District Judge

63301866 v2



DISMISSAL AND INJUNCTION UPON CONSENT
CASE NO. 10-CV-03216 EJD      - 5 -

        b.      Apple's fees and costs associated with investigating the violation(s) of this Injunction and any action to enforce this Injunction;

        c.      Any compensatory and enhanced damages incurred by Apple resulting from the infringing conduct or violation of this Injunction; and

        d.      Such further equitable relief as the Court may grant to give full effect to this Injunction.

**ON BEHALF OF THE PARTIES:**

Dated: June 19, 2011        KILPATRICK TOWNSEND AND STOCKTON LLP

        By:    */s/ Andrew T. Oliver*
                    THEODORE T. HERHOLD
                    ANDREW T. OLIVER
                    ROBERT D. TADLOCK
                    Attorneys for Plaintiff APPLE INC.

Dated: _____, 2011        WANG HARTMANN GIBBS, & CAULEY PLC

        By:    _____
                    John D. van Loben Sels
                    Attorneys for Defendant Sanho Corporation

**PURSUANT TO STIPULATION, IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED: _____, 2011

                                EDWARD J. DAVILA
                                United States District Judge

63301866 v2

