KILPATRICK TOWNSEND & STOCKTON LLP
THEODORE T. HERHOLD (State Bar No. 122895)
ANDREW T. OLIVER (State Bar No. 226098)
ROBERT D. TADLOCK (State Bar No. 238479)
379 Lytton Avenue
Palo Alto, CA  94301
Telephone:  (650) 326-2400
Facsimile:  (650) 326-2422
Email: ttherhold@townsend.com
          atoliver@townsend.com
          rdtadlock@townsend.com

Attorneys for Plaintiff
APPLE INC.

WANG, HARTMANN, GIBBS & CAULEY, P.L.C.
JOHN D. van LOBEN SELS  (State Bar No. 201354)
2570 West El Camino Real, Suite 440
Mountain View, CA 94040
Telephone:  (650) 209-1230
Facsimile:  (650) 209-1231
Email:  jvanlobensels@whgclaw.com

Attorneys for Defendant,
Sanho Corporation

IT IS SO ORDERED
Judge Edward J. Davila
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
6/24/2011

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANHO CORPORATION, a Delaware Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Civil Action No. CV10-04042 EJD<br><br>**DISMISSAL AND PERMANENT INJUNCTION ON CONSENT** |

On September 9, 2010, Plaintiff Apple Inc. ("Apple") filed suit against Defendant Sanho Corporation ("Defendant") alleging infringement of Apple's intellectual property (the "Action"). On December 2, 2010, Defendant answered Apple's complaint.  Apple and Defendant (collectively, the "Parties") have agreed to settle the claims asserted in the Complaint as well as



DISMISSAL AND INJUNCTION UPON CONSENT
CASE NO. 10-CV-03216 EJD                                                                                                          - 1 -

1  additional claims as set forth herein.  In accordance with the terms of the Parties' Settlement

2  Agreement entered into contemporaneously herewith, the Parties hereby agree to entry of a

3  Dismissal and Permanent Injunction Upon Consent ("Injunction") as set forth herein, and further

4  agree and stipulate that, upon confirmation by this Court, it is hereby ordered, adjudged, and

5  decreed that:

6       1.    All terms defined in this Injunction shall be so defined when used

7  anywhere in this Injunction.  Additionally, as used in this Injunction, the following capitalized

8  terms shall have the meanings set forth below:

9       a.    "Person" means any individual, partnership, association,

10  corporation, limited liability company, trust, or any other form of legal entity.

11       b.    "Control" means, with respect to any Person, the ability to control,

12  manage, direct or otherwise materially influence the management, direction, operations or policies

13  of such Person, whether by ownership of voting securities, by contract or otherwise.

14       c.    "Copyrights" means Apple's copyrighted works, including but not

15  limited to image of sky, mountains, and water that has commonly been used in Apple advertising

16  materials and as a background image on Apple's iPad products.

17       d.    "Defendant" means Sanho Corporation and each of its predecessors,

18  successors, assigns, affiliates, members, officers, managers, agents, servants, employees,

19  representatives, or any Person who had or has Control of Defendant, is Controlled by Defendant,

20  or is under common control with Defendant, and all other Persons in active concert or participation

21  with any of them.

22       e.    "Patents" means U.S. Patent Nos. 7,517,222; 7,627,343; 7,751,853;

23  7,783,070; D588,545; and D618,178.

24       f.    "Trademarks" means Apple's APPLE, Apple logo, IPHONE, IPAD,

25  IPOD, MAC, MACBOOK, MAGSAFE, and NANO marks and all other Apple trademarks listed

26  on the "Apple Trademark List" at http://www.apple.com/legal/trademark/appletmlist.html.

27

28



DISMISSAL AND INJUNCTION UPON CONSENT
CASE NO. 10-CV-03216 EJD     - 2 -

1 **DISMISSAL**

2     2.     This Court has jurisdiction over Defendant and the subject matter of this
3 Action and Injunction. Venue is proper in this Court.

4     3.     Apple is the owner of the Patents, Copyrights and Trademarks.

5     4.     In full settlement of all claims raised in this Action, the Parties have
6 entered into a Settlement Agreement made effective as of June 8, 2011 (the "Settlement
7 Agreement").

8     5.     The Parties now stipulate and agree to dismissal of this Action.

9     6.     The Parties waive any right to appeal this Injunction.

10     7.     The Parties shall each bear their own fees and costs in this Action.

11     8.     The Court will retain continuing jurisdiction for purposes of interpreting
12 and enforcing this Injunction and all disputes that may arise relating to the Settlement Agreement.

13     9.     The Clerk shall enter this Injunction pursuant to Rule 58 of the Federal
14 Rules of Civil Procedure.

15 **PERMANENT INJUNCTION**

16 Wherefore, the Parties stipulate to entry of the following permanent injunction:

17     10.     Except as licensed by Apple, Defendant shall refrain from and is
18 permanently enjoined from:

19     a.     Manufacturing, importing, distributing, shipping, advertising,
20 marketing, using, selling, or offering for sale the following products or any products that are not
21 colorably different from the following products until the expiration of each identified patent:

22     (i)     Any product that uses Apple's proprietary magnetic
23 connector system, claimed in U.S. Patent No. 7,517,222 including but not limited to MBP-DUO,
24 MBP-PRO and MBP-AIR connectors;

25     (ii)     Any product that is substantially similar in appearance to the
26 design claimed in U.S. Patent No. D618,178, including but not limited to MBP-DUO and MBP-
27 AIR connectors; and

28



DISMISSAL AND INJUNCTION UPON CONSENT
CASE NO. 10-CV-03216 EJD      - 3 -

1      (iii)    But not: (a) Sanho's "Magic Box" product in its current
2  form or reasonably similar variations and that is specifically excepted from this injunction, and (b)
3  any Sanho products made utilizing Apple's magnetic connector system parts so long as those parts
4  were acquired by Sanho in licensed U.S. sales from Apple; and

5      (iv)    Any non-licensed product that uses Apple's proprietary 30-
6  pin connector system, claimed in U.S. Patent Nos. 7,627,343; 7,751,853; and 7,783,070 including
7  but not limited to HM18- (a.k.a. HyperMac Nano) external batteries and the 30-pin connector
8  cables that are compatible with Apple iPhone, iPod, and/or iPad devices that Defendant has
9  described in Defendant's product and marketing literature as "iPhone/iPod charging cable,"
10 "iPhone/iPod cable," "Built-in iPhone/iPod charging cable," or "Slim profile iPhone/iPod plug";

11     b.    Any use of trademarks owned by Apple, including but not limited to
12 the Trademarks, in any period during which Defendant is not in full compliance with Apple's
13 Guidelines for Using Apple Trademarks and Copyrights, at
14 http://www.apple.com/legal/trademark/guidelinesfor3rdparties.html;

15     c.    Any use of the identified Copyrights and all other copyrighted
16 material that Defendant copied from Apple-owned sources, regardless of whether Defendant has
17 knowledge that such material is copyrighted or whether such copyrighted material is registered
18 with the U.S. Copyright Office; and

19     d.    Assisting, aiding or abetting any person or entity engaging in or
20 performing any act prohibited by this paragraph.

21   11.    Defendant, within thirty (30) calendar days of entry of this Injunction, shall
22 provide written assurance under penalty of perjury, to Apple's counsel of record in the Action, that
23 it has come into compliance with Apple trademark guidelines as identified at
24 http://www.apple.com/legal/trademark/guidelinesfor3rdparties.html.

25   12.    Defendant agrees that upon the Court's determination of Defendant's
26 violation of this Injunction, Defendant shall be liable to Apple for:

27     a.    Apple's fees and costs associated with bringing this Action,
28 including the pre-filing investigation and resolution efforts;



DISMISSAL AND INJUNCTION UPON CONSENT
CASE NO. 10-CV-03216 EJD                                                                      - 4 -

    b. Apple's fees and costs associated with investigating the violation(s) of this Injunction and any action to enforce this Injunction;

    c. Any compensatory and enhanced damages incurred by Apple resulting from the infringing conduct or violation of this Injunction; and

    d. Such further equitable relief as the Court may grant to give full effect to this Injunction.

**ON BEHALF OF THE PARTIES:**

Dated: _____, 2011  KILPATRICK TOWNSEND AND STOCKTON LLP

           By: _____
           THEODORE T. HERHOLD
           ANDREW T. OLIVER
           ROBERT D. TADLOCK
           Attorneys for Plaintiff APPLE INC.

Dated: *June 2*, 2011  WANG HARTMANN GIBBS, & CAULEY PLC

           By: _____
           John D. van Loben Sels
           Attorneys for Defendant Sanho Corporation

**PURSUANT TO STIPULATION, IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED: _____, 2011

           _____
           EDWARD J. DAVILA
           United States District Judge

63301866 v2



    b. Apple's fees and costs associated with investigating the violation(s) of this Injunction and any action to enforce this Injunction;

    c. Any compensatory and enhanced damages incurred by Apple resulting from the infringing conduct or violation of this Injunction; and

    d. Such further equitable relief as the Court may grant to give full effect to this Injunction.

**ON BEHALF OF THE PARTIES:**

Dated: June 19, 2011    KILPATRICK TOWNSEND AND STOCKTON LLP

    By: */s/ Andrew T. Oliver*
      THEODORE T. HERHOLD
      ANDREW T. OLIVER
      ROBERT D. TADLOCK
      Attorneys for Plaintiff APPLE INC.

Dated: _____, 2011  WANG HARTMANN GIBBS, & CAULEY PLC

    By: _____
      John D. van Loben Sels
      Attorneys for Defendant Sanho Corporation

**PURSUANT TO STIPULATION, IT IS SO ORDERED, ADJUDGED, AND DECREED.**

The Clerk shall close this file.

DATED:  June 24 , 2011

                EDWARD J. DAVILA
                United States District Judge

63301866 v2



DISMISSAL AND INJUNCTION UPON CONSENT
CASE NO. 10-CV-03216 EJD                      - 5 -